IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SONYA BRAXTON, | | |
| Plaintiff, | | |
| v. | | 1:10-cv-2635-WSD |
| GEORGIA EMC; GREYSTONE POWER CORPORATION AND EMC; GARY MILLER; and LATIKA ZIEHL, | | |
| Defendants. | | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sonya Braxton's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis [1] and Emergency Motion for Preliminary Injunction [2]. The Court grants Plaintiff's motion to proceed *in forma pauperis* for the purposes of dismissal only.

Section 1915(e)(2) of Title 28 requires a court to dismiss an *in forma pauperis* case if the court determines that an action is frivolous or malicious or fails to state a claim on which relief may be granted. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993);

accord <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact").  Dismissal under Section 1915(e)(2), however, does not "prejudice the filing of a paid complaint making the same allegations."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).  "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  <u>Nietzke</u>, 490 U.S. at 324.  In view of Plaintiff's *pro se* status, the Court construes Plaintiff's complaint liberally in conducting its frivolity analysis.

**I.     BACKGROUND**

Plaintiff seeks to bring a civil rights action under 42 U.S.C. § 1983 because her electricity was turned off.  She alleges that Defendant GreyStone Power Corporation, by discontinuing her power service, breached a contract it had with her and violated its own bylaws.  Plaintiff argues that Defendants have discriminated against her on the basis of her "race, color, religion, national origin, sex, disability and familial status."  (Compl. p. 2.)  Plaintiff also invokes the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1981.

Plaintiff alleges that her electric bill "skyrocketed" due to "the record cold spell this area had last winter 2009-10 and due to the record hot temperatures of

this summer 2010." (Compl. p. 4.) It appears that Plaintiff was unable to make complete payments on her account and requested GreyStone Power to lower her payments to an amount Plaintiff could afford. (Id.) It appears the parties were unable to work out a payment arrangement acceptable to Plaintiff, and after Plaintiff stopped paying her bill, her power service was discontinued. (Id.) Plaintiff argues that this constitutes a violation of her civil rights and is contrary to Defendant's "policy to not disconnect electric service if doing so would cause immediate danger to a customer due to illness." (Id.) Plaintiff alleges she has fibromyalgia and other unidentified illnesses. (Id.)

## II.  DISCUSSION

The Court finds that Plaintiff's Complaint has little or no chance of success. The Complaint consists of bare legal conclusions and lacks sufficient factual content required to state a claim to relief. A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff here alleges no facts

suggesting she was discriminated against on the basis of her race or other suspect classification. Plaintiff alleges no facts supporting a claim under the ADA.

Plaintiff's claim under Section 1983 is without merit because Defendants are not state actors. "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing Flagg Bros. v. Brooks, 436 U.S. 149, 156-57 (1978)).

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey, 949 F.2d at 1130. The Eleventh Circuit uses three tests to determine whether the actions of a private party should be attributed to the state: (1) the public function test, which "limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state"; (2) the state compulsion test, which "limits state action to instances where the government has coerced or at least significantly encouraged" the challenged action; and (3) the nexus/joint action test, which applies when "the state has so far insinuated itself into a position of interdependence with the [private party] that it [i]s a joint participant in the enterprise." See Focus on the Family v.

Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (citations and internal quotations omitted).

Plaintiff does not allege any facts suggesting the state compulsion or joint action tests would apply.  Although Plaintiff might argue that a public utility performs a public function, and thus is a state actor for purposes of Section 1983, this argument fails.  See Jackson v. Metro. Edison, 419 U .S. 345 (1974) (holding that furnishing public utilities, even when heavily regulated, is not a public function).

The Court doubts whether it has subject-matter jurisdiction over this action – which appears essentially to be a contract dispute attempting to pass as a discrimination case.  Because the Court concludes this case is frivolous, it is required to be dismissed without prejudice.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Sonya Braxton's Motion for Leave to Proceed In Forma Pauperis [1] is **GRANTED** for the purposes of dismissal only.  This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) because the case is frivolous.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction [2] is **DENIED**.

**SO ORDERED** this 1st day of September, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE